AO 245B (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

CDJ

Eastern District of Pennsylvania

UNITED STATES OF AMERICA
v.
EDWARD ELLIS

**FILED**
MAY 02 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## JUDGMENT IN A CRIMINAL CASE

Case Number: DPAE209CR000609-002

USM Number: 48099-066

James McHugh, Esq.
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)    5, 6, 7 and 8

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1341 and 2 | Mail Fraud, Aiding and Abetting | 10/16/2008 | 5 and 6 |
| 18:1343 and 2 | Wire Fraud, Aiding and Abetting | 10/16/2008 | 7 and 8 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 21, 2011
Date of Imposition of Judgment

/s/ C. Darnell Jones II
Signature of Judge

C. Darnell Jones II, Judge USDC EDPA.
Name and Title of Judge

April 28, 2011
Date

DEFENDANT: ELLIS, EDWARD
CASE NUMBER: 09.CR.609.02

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

### 57 MONTHS

### ON COUNTS 5, 6, 7 AND 8 TO RUN CONCURRENTLY

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

X The defendant shall surrender to the United States Marshal for this district:

    X at    12:00    ☐ a.m.  X p.m.  on   MAY 20, 2011  .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on         .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on       to      

at      , with a certified copy of this judgment.

                                      UNITED STATES MARSHAL

                         By                      
                                       DEPUTY UNITED STATES MARSHAL

DEFENDANT: ELLIS, EDWARD
CASE NUMBER: 09.CR.00609.02

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**3 YEARS**

**ON COUNTS 5, 6, 7 AND 8 TO RUN CONCURRENTLY**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the Probation Office with full disclosure of his financial records to include yearly income tax returns upon the request of the U.S. Probation Office. The defendant shall cooperate with the probation officer in the investigation of his financial dealings and shall provide truthful information.

The defendant shall make available income tax returns that existed within 2 years prior to the instant offense.

As a further special condition of supervised release, the defendant is to refrain from starting and/or selling stock in any new business or acting as a consultant to any other business.

It is further ordered the defendant shall make restitution payments in the total amount of $798,492. the Court will waive the interest requirement in this case. Payments shall be made payable to Clerk, U.S. District Court, for proportionate distribution to the following victims in the following amounts:

| Victim | Amount |
|---|---|
| Bill Dare<br>20 Kratz Road, Harleysville, PA 19438 | $5,000 |
| Gary Jonas<br>703 Gawain Raod, Plymouth Meeting, PA 19462 | $25,000 |
| Harry Wentz<br>2039 Lucon Raod, Schwenksville, PA 19473 | $30,000 |
| Jeff and Traci Fenstermacher<br>206 Summer Street, Royersford, PA 19468 | $10,000 |
| Arthur Sagoskin<br>1404 Lee Circle, Yardley, PA 19067 | $15,000 |
| Sheldon Sagoskin<br>1395 Drive, Winter Park, FL 32789 | $15,000 |
| John Bilboe<br>446 Moyer Road, Harleysville, PA 19438 | $10,000 |
| Mary Martin<br>139 Picket Post Lane, Phoenixville, PA 19460 | $30,000 |
| Margery Dillman<br>139 Picket Post lane, Phoenixville, PA 19460 | $10,000 |
| Daniel Belsky<br>116 North Bellevue Avenue, Langhorne, PA 19047 | $10,000 |
| Thomas Cuthbertson<br>24 North 4th Avenue, Royersford, PA 19468 | $5,000 |

## SPECIAL CONDITIONS OF SUPERVISION

| | |
|---|---|
| Laure Larkin<br>29 Eagle Lane, Reading, PA 19607 | $1,000 |
| Aaron Matson<br>29 Eagle Lane, Reading, PA 19607 | $1,000 |
| Lynette Matson<br>29 Eagle Lane, Reading, PA 19607 | $1,000 |
| Barry Gross<br>547 East Washington Avenue, Newton, PA 18940 | $25,000 |
| Vincent and Marianne D'Antonio<br>16 Morris Drive, Sicklerville, NJ 08081 | $10,000 |
| Jeffrey Rubarkh<br>3786 Glenn Court, Huntington Valley, PA 19006 | $15,000 |
| Diane Hamburg<br>532 Georgian Road, Glenside, PA 19038 | $58,000 |
| Samuel Smith<br>10 Glenwood Avenue, Collegeville, PA 19426 | $15,000 |
| James Sadowksy<br>1889 Berve Drive, Coatesville, PA 19320 | $10,000 |
| Joseph Cronin<br>1097 Oak Creek, West Chester, PA 19380 | $5,000 |
| Sharon Seaberg<br>505 East Howard Street, Stowe, PA 19464 | $2,500 |
| Dora Rossi<br>1514 Marshall, Norristown, PA 19403 | $2,500 |
| Kathryn Putera<br>200 Wyncote Court, Lansdale, PA 19446 | $5,000 |
| Wasyl Szeremeta<br>1510 Hilltop Terrace, Huntingdon, PA 19006 | $15,000 |
| Mitchell Freedman<br>37-A Cedarville Road, East Windsor, NJ 08520 | $5,000 |
| Candice Conway<br>206 Wyncote Court, Lansdale, PA 19446 | $5,000 |
| Donald Davis<br>2582 Donald Drive, Pottstown, PA 19464 | $25,000 |

## SPECIAL CONDITIONS OF SUPERVISION

| | |
|---|---|
| David and Lynne Hamilton<br>18 Ashford Way, Schwenksville, PA 19473 | $5,000 |
| Wilson and Rita Dickey<br>2023 Route 113, P.O. Box, Skippack, PA 19474 | $2500 |
| Joseph and Angela Val<br>211 Holland Avenue, Ardmore, PA 19003 | $7500 |
| Debra Kratzer<br>161 Dowlin Forge Road, Dowingtown, PA 19335 | $5000 |
| Aabeda Vahora<br>829 Timber Creek Lane, Wayne, PA 19087 | $22,500 |
| Judith Zito<br>1100 Pierce Road, Norristown, PA 19403 | $7500 |
| Sherri Friedman<br>443 North Highland Avenue, Merion Station, PA 19066 | $2500 |
| Carol Pickell<br>266 Carey Lane, Norristown, PA 19403 | $2500 |
| Annette Williams<br>266 Carey Lane, Norristown, PA 19403 | $2500 |
| Anita Grecco<br>1412 Fort Washington Avenue, Ambler, PA 19002 | $2500 |
| Jodie Vanbrunt<br>8204 Sentinel Ridge, Norristown, PA 19403 | $5000 |
| Douglas Paida<br>501 Onward Avenue, Phoenixville, PA 19460 | $2500 |
| Christine Favinger<br>101 Red Rock Circle, Royersville, PA 19468 | $37,000 |
| Nancy Williams<br>36 Linwood Avenue, Ardmore, PA 19003 | $30,000 |
| Chris and April Cobb<br>413 Winding Stream Road, Spring City, PA 19475 | $2500 |
| Bret and Stephanie Goldstein<br>906 Ivycroft Road, Wayne, PA 19087 | $4000 |
| Traci Sandin<br>206 Summer Street, Royersford, PA 19468 | $10,000 |

## SPECIAL CONDITIONS OF SUPERVISION

Riley Saxon
125 West 6th Street, Bridgeport, PA 19405      $2500

                                                TOTAL:     $519,500

As to Counts Seven and Eight:

GE Money Bank
Attn: Mr. Johnathan Cooksey, Security Team Leader
950 Forrer Boulevard
Ketterin, OH 45420

The amounts ordered represent the total amount due to the victims for these losses. The defendant's restitution obligations shall not be affected by any restitution payments made by other defendants in this case, except no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses. The following defendant(s) in the following case(s) may be subject to restitution orders to the same victims for these same losses:

     Jennifer Seidel                                  CR. No.: 09-00609-01

The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program and provide a minimum payment of $25 per quarter towards restitution. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of not less than $200, to commence 30 days after release from confinement.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing address or residence that occurs while any portion of the restitution remains unpaid.

The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

It is further ordered that the defendant shall pay to the United States a total special assessment of $200, which shall be due immediately.

The Order of Forfeiture shall be entered.

DEFENDANT:
CASE NUMBER:

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 400 | $ 0 | $ 798,492.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| see pages 4 thru 7 | | | |
| TOTALS | $ 0 | $ 0 | |

X Restitution amount ordered pursuant to plea agreement $ 798,492.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X the interest requirement is waived for the ☐ fine X restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B **X** Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D **X** Payment in equal _monthly_ (e.g., weekly, monthly, quarterly) installments of $ _200_ over a period of _years_ (e.g., months or years), to commence _30_ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**X** Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and and corresponding payee, if appropriate.

    Jennifer Seidel, 09.609.01 - $798,492.00 - Total Amount

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.